Eastern District of Kentucky
**F I L E D**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

JUN 1 0 2016

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

### CIVIL ACTION NO. 16-78-DLB

### RAJUL RUHBAYAN

**PLAINTIFF**

### VS.                    MEMORANDUM OPINION
                    AND ORDER

### UNITED STATES OF AMERICA, et al.          **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Rajul Ruhbayan is a prisoner incarcerated at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding *pro se*, Ruhbayan has filed a civil rights action against federal officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. (Doc. #1). The Court has granted his motion to proceed *in forma pauperis* by prior Order. (Doc. #5).

I

In September 2000, a federal jury in Norfolk, Virginia found Ruhbayan guilty of conspiracy to possess and possession of crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846. The jury found him not guilty of two other charges: being a felon in possession of a firearm, and carrying and using a firearm during and in relation to a drug trafficking crime. The acquittals were based in part upon the testimony of Yolanda Goodman, Ruhbayan's former girlfriend, who testified that she had never seen him with drugs or firearms and that (without Ruhbayan's knowledge) she had placed the pistol discovered by police in his van. Ruhbayan was sentenced to a two-year term of

1

imprisonment, and the Fourth Circuit affirmed his convictions and sentence. *United States v. Ruhbayan*, No. 2: 00-CR-86-HCM-1 (E.D. Va. 2000); *United States v. Ruhbayan*, 15 F. App'x 116 (4th Cir. 2001).

However, after Goodman was charged with being a felon in possession of a firearm based on her testimony at Ruhbayan's trial, she recanted that testimony and explained that Ruhbayan had sent her more than fifty letters soliciting her false statements and perjury at trial. *United States v. Ruhbayan*, 201 F. Supp. 2d 682, 684 (E.D. Va. 2002). Ruhbayan was then charged with attempting to influence the testimony of a witness, suborning perjury, obstruction of justice, conspiracy, and perjury. A jury convicted Ruhbayan on all five counts, and in February 2004, United States District Judge Rebecca Smith sentenced him to life imprisonment on the witness tampering count, and to four concurrent sixty-month sentences on each of the remaining counts. *United States v. Ruhbayan*, No. 2: 02-CR-29-RBS-FBS-1 (E.D. Va. 2002).

On direct appeal, the Fourth Circuit (Judges King, Wilkins, and Duncan sitting) rejected Ruhbayan's challenges to evidence admitted in his second trial and to the viability of the conspiracy charge against him. However, the Fourth Circuit agreed that the enhancement of Ruhbayan's sentence, which was based upon factors not found by a jury, violated the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), and remanded for resentencing. *United States v. Ruhbayan*, 406 F. 3d 292, 299-303 (4th Cir. 2005).

Following the second sentencing hearing held in November 2005, Judge Smith reimposed the same sentence, and explained her reasoning in an extensive opinion. The Fourth Circuit affirmed on direct appeal, rejecting Ruhbayan's renewed challenges under

2

*Booker. United States v. Ruhbayan*, 427 F. Supp. 2d 640 (E.D. Va. 2006), *aff'd*, 527 F.3d 107, 115-16 (4th Cir. 2007) (Judges King, Wilkins, and Duncan again sitting). However, the Supreme Court granted *certiorari* and reversed and remanded without opinion for consideration of its intervening decision in *Kimbrough v. United States*, 552 U.S. 85 (2007) (holding that a sentencing judge may consider the disparity between the Guidelines treatment of powder and crack cocaine in determining whether a Guidelines sentence is "greater than necessary" under 18 U.S.C. § 3553(a)). *Ruhbayan v. United States*, 552 U.S. 1163 (2008). Therefore, the Fourth Circuit remanded to the district court for resentencing. *United States v. Ruhbayan*, 294 F. App'x 23 (4th Cir. 2008).

Judge Smith held a third sentencing hearing on March 3, 2009. The Court vacated one conviction for sentencing purposes, but concluded that the disparity rule in *Kimbrough* did not play any role in Ruhbayan's sentencing, and reimposed the same sentence on the remaining counts, again resulting in a cumulative sentence of life imprisonment. On appeal, the Fourth Circuit rejected Ruhbayan's arguments under *Kimbrough* and affirmed his sentence. *United States v. Ruhbayan*, 601 F. Supp. 2d 746 (E.D. Va. 2009), *aff'd*, 369 F. App'x 497 (4th Cir.) (Judges King, Duncan, and Hamilton sitting), *cert. denied*, 562 U.S. 934 (2010).

In 2011, Ruhbayan sought relief from his conviction pursuant to 28 U.S.C. § 2255, but the trial court denied the motion, the Fourth Circuit denied him a certificate of appealability, and the Supreme Court denied his petition for a writ of *certiorari*. In 2013, Ruhbayan then sought habeas relief from this Court pursuant to 28 U.S.C. § 2241. The Court denied his petition, a result affirmed by the Sixth Circuit. *Ruhbayan v. Holland*, No. 6:13-CV-255-KKC (E.D. Ky. Apr. 24, 2014), *aff'd*, No. 15-5322 (6th Cir. Dec. 7, 2015).

3

In his instant Complaint, Ruhbayan contends that the Defendants – the United States of America, U.S. Attorney General Loretta Lynch, District Court Judge Rebecca Smith, and Fourth Circuit Judges King, Duncan, and Wilkins – violated his due process rights by (1) failing to have his criminal case decided by a "proper" court possessed of "competent jurisdiction" (Counts One and Two); (2) failing to properly apply Booker to the facts of his case (Counts Three and Four); and (3) failing to resentence him under Booker without being "retroactively prejudiced" by his prior sentencing. Ruhbayan further contends that he has been the subject of malicious prosecution and false imprisonment, and seeks $200 million in damages and immediate release from custody. (Doc. #1 at 2-11).

II

The Court must conduct a preliminary review of Ruhbayan's Complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of a complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. Davis v. Prison Health Servs., 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010).

Ruhbayan's Complaint must be dismissed for several reasons. First, his claims are based directly upon his allegedly improper sentence and continued incarceration pursuant to his criminal judgment. But he has not obtained habeas relief invalidating

4

either his convictions or his sentence prior to asserting his present civil claims seeking damages arising from them. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that until a prisoner can demonstrate that his conviction or sentence has been invalidated, he cannot assert any claim for damages which would necessarily imply that the conviction or sentence is invalid. *Id.* at 487. Because Ruhbayan's convictions and sentence have withstood his repeated challenges to their validity in the federal courts, and because his present claims do not merely imply, but expressly state, that his sentence is invalid, they are premature and must be dismissed. *Id.*; *Edwards v. Balisok*, 520 U.S. 641, 649 (1997) ("absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."); *see also Harrison v. Michigan*, 722 F.3d 768, 773 (6th Cir. 2013) ("… we know from *Heck* that a damages claim for a wrongful criminal conviction or sentence does not accrue until the conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'") (quoting *Heck*, 512 U.S. at 487). *Heck* applies with equal force to constitutional claims asserted under *Bivens* and common law claims asserted under the FTCA. *Dare v. United States*, 264 F. App'x 183, 185 (3d Cir. 2008) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir.), *cert. denied*, 514 U.S. 1120 (1995); *Medrano–Arzate v. United States*, No. 4:10-CV-0720, 2010 WL 4321541, at *3-4 (N.D. Ohio Oct. 26, 2010).

Even if *Heck* did not present an insuperable bar to Ruhbayan's claims, they would all be subject to dismissal on other grounds. With respect to his due process claims, they

may not be asserted against the United States because the federal government has retained its sovereign immunity against constitutional tort claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-79 (1994). Nor does Ruhbayan allege any personal involvement by Attorney General Lynch in the challenged conduct, which would permit him to state a claim against her. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). And each of the federal district and circuit court judges are all entitled to absolute judicial immunity against Ruhbayan's claims because they undertook the challenged conduct in the course of criminal proceedings against him, while acting in their judicial capacities. *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967).

Ruhbayan's claim under the FTCA fares no better. Under 28 U.S.C. § 2679(a), the United States is the only proper defendant in a suit alleging negligence by a federal employee. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). And the Westfall Act, 28 U.S.C. § 2679(b)(1), immunizes federal employees from tort liability for actions taken within the scope of their employment. *Roberts v. United States*, 191 F. App'x 338 (6th Cir. 2006).

The FTCA constitutes a waiver of the sovereign immunity enjoyed by the federal government for torts committed by employees and officers of the United States acting within the scope of their employment. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). But 28 U.S.C. § 2680 contains a number of exceptions to that waiver. Applicable here is § 2680(h), which excludes any claim arising out of certain intentional torts, including false imprisonment and malicious prosecution, the claims Ruhbayan

6

asserts here. While such claims are permitted if the conduct is committed by "investigative or law enforcement officers," meaning those persons "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law," the waiver does not apply to claims based upon the conduct of any other type of government employee. *Milbrook v. United States*, __ U.S. __, 133 S. Ct. 1441, 1443-45 (2013); *Trupei v. United States*, 304 F. App'x 776, 783-84 (11th Cir. 2008); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir.1994). Therefore, Ruhbayan's FTCA claim based upon the conduct of district and circuit court judges in ruling upon his *Booker* claims and his resulting imprisonment clearly fall within § 2680(h)'s bar. *Cf. Grant v. Baldwin*, 565 F. App'x 75, 76 (3d Cir. 2014); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994); *Zeno v. United States*, No. DKC 09-544, 2009 WL 4910050, at *10 (D. Md. Dec. 11, 2009) (holding that § 2680(h) barred FTCA claims against federal judges and prosecutors arising out of prior civil and criminal proceedings against plaintiff). For the foregoing reasons, Ruhbayan's claims must be dismissed.

Finally, a district court may certify, either before or after an appeal is taken, that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A). Such a certification is appropriate here. When assessing whether an action is taken in good faith, the inquiry is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, reasonable jurists could not differ regarding the viability of Ruhbayan's claims. The Court will therefore certify that any appeal is not taken in good faith. As a result, Ruhbayan will be assessed the full $505.00 appellate filing fee should he file a notice of appeal.

7

Accordingly, **IT IS ORDERED** that:

1.    Ruhbayan's Complaint (Doc. #1) is **DISMISSED**;

2.    The Court will enter a judgment contemporaneously with this order;

3.    The Court **CERTIFIES** that any appeal would not be taken in good faith;

and

4.    This matter is **STRICKEN** from the Court's active docket.

This 10th day of June, 2016.

**Signed By:**
_**David L. Bunning**_   $\mathcal{DB}$
**United States District Judge**

K:\DATA\ORDERS\ProSe\Ruhbayan 16-78-DLB Memorandum RBW.docx